OPINION OF THE COURT
Dennis K. McDermott, J.
This is a proceeding to redetermine the defendant’s sex offender risk level, conducted pursuant to the stipulation of settle *557 ment in the case of Doe v Pataki in United States District Court for the Southern District of New York (96 Civ 1657 [DC Dist]).
In 1985, defendant was convicted in this court upon his plea of guilty to counts of sodomy, first degree, and sexual abuse, first degree, in full satisfaction of an eight-count indictment. The defendant, then 22 years of age and disguised as a police officer, ordered two 13-year-old girls into his car under the pretense of taking them to the police station. Instead, the defendant drove them to a remote location and, armed with a knife, forcibly engaged them in deviate sexual intercourse.
On October 23, 1998, this court (Humphreys, J.) determined the defendant to be a level 3 (high risk) sex offender. Defendant was released from prison on or about December 10, 1998.
As part of this redetermination proceeding, the District Attorney prepared a new risk assessment instrument (RAI) dated November 16, 2004 which was received in evidence along with the parties’ stipulation that it had correctly identified the factors and properly scored them, except that there was nothing inappropriate about the defendant’s release environment. With that adjustment, the defendant’s RAI score is 135 points, well above the minimum score of 110 for this court to determine the defendant to be a high risk sex offender. The factors identified and the resulting risk factor score is identical to that presented to the court in 1998.
The court heard, over the course of two days, the testimony of Dr. Damian S. Vallelonga, a licensed clinical psychologist stipulated by the parties to be an expert in the area of sex offender treatment and counseling. After administering a battery of tests to the defendant, Dr. Vallelonga concluded that the defendant poses a low risk of reoffense. His findings were set forth in a 21-page report which was received in evidence by stipulation.
Dr. Vallelonga opined that the RAI is flawed in that it assigns points to factors which, according to current studies, have no correlation with a sex offender’s risk of reoffending. These flawed factors include, without limitation, the element of forcible compulsion (Dr. Vallelonga testifying that nothing beyond the nonconsensual nature of the contact is relevant), the use of a weapon, and the fact that there was more than one victim. The defendant’s increased maturity, his stable living situation, his heightened sense of self-esteem, his freedom from substance abuse, and his eager participation in and successful completion of sex offender treatment and counseling are all factors that Dr. Vallelonga found to be relevant and compelling in arriving at his conclusions.
*558 With Dr. Vallelonga’s testimony complete, and the court having scheduled another day and a half for further testimony, counsel for both parties met with the court in chambers for a conference off the record. There, counsel for the defendant made an offer of proof that he would present the testimony of the sex offender counselor who worked with the defendant that the defendant had successfully completed counseling along with the counselor’s opinion that he is a low risk of reoffending. Additionally, there would be testimony from the defendant’s fiancée and other friends that he has not reoffended or acted inappropriately since his release from incarceration. The District Attorney conceded that he had no evidence of any reoffense by the defendant and that he would have no witnesses to call. At that point, the court indicated to counsel the decision it was prepared to make, but offered each the opportunity to present their proof. Each side agreed to rest at that point.
The court went back on the record and counsel again indicated that each was prepared to rest.
Under normal circumstances, a sex offender’s risk assessment is made within 60 days of his release from incarceration. The risk assessment is, in the final analysis, nothing more than an educated guess as to whether the defendant will offend again. The RAI is the principal tool used in that assessment. What the RAI does not take into consideration (because it was not designed to be applied retroactively and because the assessment is ordinarily made prerelease) is actual postrelease behavior by the defendant. Just as the old adage “the proof of the pudding is in the tasting” is true, the best indicator of a sex offender’s likelihood of reoffending is his actual postrelease history. It is, in all likelihood, the greatest single factor in making an accurate assessment of a sex offender’s risk of reoffense.
Here, the defendant has been out of prison and in the community for 74+ months. In that time, he has not reoffended. That is a factor which should be given substantial weight.
By the same token, the court will not lose sight of this defendant’s history. The crimes which he committed were shocking and cruel. No matter how stable the defendant might presently appear to be, and no matter how much he might profess to be a changed person, the court simply cannot accept the argument that he now presents only a “low” risk of reoffending. Dr. Vallelonga testified that his opinion was based, at least in part, on the present stability in the defendant’s life, his present freedom from substance abuse, and his present social and *559 romantic relationships, but he conceded that any or all of these can change and, if they were to do so, then the defendant’s risk of reoffense might change as well.
The court respectfully rejects Dr. Vallelonga’s opinion regarding the flaws in the RAI. Studies apparently conducted after the development of the RAI have led to theories or conclusions. There was no testimony to suggest that these studies have been substantially and generally accepted by the experts in the field. The court has but one expert’s opinion on the matter and that opinion, in several key respects, seems to fly in the face of reason and experience.
Conclusion
The court concludes that, to this point, the defendant has successfully controlled his impulses and behaviors. He has been released for a substantial period of time and, it seems to the court, that, if he were likely to have reoffended, such reoffense would have occurred by now. Nonetheless, there is still a risk of reoffense and, given the defendant’s undisputed past, the court finds that that risk is not low.
Accordingly, the court finds that the defendant presents a moderate risk of reoffense and that he should be classified a level 2 sex offender.