■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAID ABDULLAH, Appellant. [818 NYS2d 267]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 4, 2005, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the defendant is reclassified as a level two sex offender.

In 1991 the defendant pleaded guilty to one count of sexual abuse in the first degree stemming from an incident which occurred in 1988 and was sentenced to five years probation. The defendant was on probation when the Sex Offender Registration Act (hereinafter SORA) became effective in 1996, and he

was then administratively assigned a level three risk offender designation. Thereafter, however, pursuant to a settlement in the case of *Doe v Pataki* (3 F Supp 2d 456 [1998]), the defendant and others similarly situated were given the right to a hearing to "re-determine" risk level. The defendant's hearing took place in December 2004. The defendant's risk assessment instrument (hereinafter RAI) point score total placed him within a level three designation. After the hearing, the court deemed that a departure from the presumptive risk level was unwarranted, and adjudged the defendant to be a level three sex offender.

Although utilization of the RAI will generally "result in the proper classification in most cases so that departures will be the exception not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see People v Ventura*, 24 AD3d 527 [2005], *lv denied* 6 NY3d 710 [2006]; *People v Dexter*, 21 AD3d 403, 404 [2005]), a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record (*see Matter of Vandover v Czajka*, 276 AD2d 945 [2000]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see People v Dexter, supra* at 464). There must be clear and convincing evidence of the existence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Inghilleri*, 21 AD3d 404, 406 [2005]; *People v Dexter, supra*; *People v Guaman*, 8 AD3d 545 [2004]).

There is convincing evidence that the defendant has been rehabilitated and that for the past 17 years he has led an exemplary life. This mitigating factor was not taken into account by the Guidelines or the RAI, nor was it given sufficient consideration by the court. In addition, the court's decision to assess the defendant 15 points under the "drug or alcohol abuse" risk factor, bringing the defendant's point total to 125, was unjustified in view of the fact that, at the time of the SORA hearing, the defendant had successfully abstained from any drug or alcohol use for over 15 years (*see People v Villane*, 17 AD3d 336 [2005]). Accordingly, under the facts of this case, it was an improvident exercise of the court's discretion to deny the defendant a departure from the presumptive risk level. Therefore, the defendant is reclassified as a level two sex offender (*see People v Collazo*, 7 AD3d 595 [2004]). Adams, J.P., Santucci, Fisher and Covello, JJ., concur.