■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FARAHAT, Appellant. [910 NYS2d 369]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated October 17, 2008, which, after a hearing, adjudicated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly assessed the defendant 15 points under risk factor 14 of the Sex Offender Registration Act (hereinafter SORA) Guidelines, as the defendant was not under supervision in New York (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [2006] [hereinafter SORA Guidelines]). While a sex offender convicted in another jurisdiction who subsequently relocates to New York should not be assessed any points for this factor if he or she has "satisfactorily completed" the terms of that jurisdiction's community supervision, the defendant in this case did not satisfactorily complete the terms of Florida's supervision, because while he was on probation supervision for a sex offense committed in that jurisdiction, he violated Florida's Sex Offender Registration Law (see Fla Stat Ann § 943.0435), resulting in his imprisonment (see SORA Guidelines, at 17 [2006]; People v English, 60 AD3d 923 [2009]).

The defendant's contention that assessing points for both unsatisfactory conduct while supervised and release without supervision constitutes "double counting" is without merit (see People v Mendez, 60 AD3d 923 [2009]).

The defendant's remaining contention is without merit. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.