■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOTOMAYER, Appellant. [38 NYS3d 271]—

Appeal by the defendant, as limited by his brief, from so

much of an order of the Supreme Court, Richmond County (Rienzi, J.), dated December 14, 2012, as, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level two sex offender.

A court determining a defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), is not permitted to downwardly depart from the presumptive risk level unless the defendant first identifies and proves the presence of "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Lathan*, 129 AD3d 686, 686-687 [2015] [internal quotation marks omitted]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Once the defendant identifies and proves the existence of an appropriate mitigating factor, the court is vested with discretion whether to depart from the presumptive risk level (*see People v Carter*, 138 AD3d 706, 706-707 [2016]). Here, the defendant was properly assessed 115 points, in the range for a presumptive determination as a level three offender.

In light of the purpose of SORA, which is to assess the risk that the offender poses while at liberty, lengthy periods during which the defendant has been at liberty after the offense are significant in determining the risk of reoffense and the danger posed in the event of reoffense (*see People v Abdullah*, 31 AD3d 515, 516 [2006]; *People v Witchley*, 9 Misc 3d 556, 558 [2005]). Since these periods are not taken into account in the risk assessment instrument (hereinafter the RAI), they are a permissible ground for departure (*see People v Abdullah*, 31 AD3d at 516). Here, the defendant committed a sex offense in New Jersey in 1982. In the time between that crime and the SORA hearing, which was held in 2012, after the defendant returned to New York, he was incarcerated in New Jersey for approximately 15 years, and he was also at liberty for approximately the same amount of time without reoffending. In light of the lengthy amount of time without reoffense, we conclude that the RAI overstated the defendant's risk of reoffense. Accordingly, a downward departure was warranted. Nonetheless, because the defendant's crime was undeniably serious, the danger to the public in the event of reoffense is significant. Accordingly, departure to level one is not appropri-

ate. Under the circumstances, we designate the defendant a level two sex offender (*see People v Abdullah*, 31 AD3d at 516; *People v Witchley*, 9 Misc 3d at 559). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.