People v Urena (2018 NY Slip Op 07467)





People v Urena


2018 NY Slip Op 07467


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-02642

[*1]People of State of New York, respondent,
v
Rafael Urena, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Tina Grillo of counsel; Lorrie A. Zinno on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne Melendez, J.), dated February 3, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court did not err in denying the defendant's request for a downward departure from risk level three to risk level two. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the mitigating circumstances identified by the defendant were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence (see People v Hallet, 159 AD3d 840, 841; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Santiago, 137 AD3d 762, 764; cf. People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516). Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure and to designate him a level three sex offender.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court