People v Peoples (2020 NY Slip Op 07608)





People v Peoples


2020 NY Slip Op 07608


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-06104

[*1]People of State of New York, respondent, 
v
Leroy Peoples, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot,
and Jessica Coalter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Ira H. Margulis, J.), dated May 23, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), a defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant'\'s dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Most of the circumstances cited by the defendant in support of his application were adequately taken into account by the SORA Guidelines, including the intensive monitoring he will undergo, and his proposed community re-entry plan. Accordingly, to the extent that the defendant relied upon these factors in support of his application for a downward departure, he failed to demonstrate that they constituted mitigating circumstances "of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d at 861, see People v Santiago, 137 AD3d 762, 764).
The defendant also cites family support as a mitigating circumstance, which, as it relates to his proposed living arrangement provided by his wife, was a factor adequately taken into account by the SORA Guidelines. As to the support the defendant claims he will receive from his [*2]mother, father, and sister, he failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community. Thus, he failed to establish that this was an appropriate mitigating factor which was otherwise not adequately taken into account by the SORA Guidelines (see People v Kohout, 145 AD3d 922).
As to the defendant's completion of rehabilitation programs while incarcerated, although an offender's response to treatment, if exceptional, can be the basis for a downward departure (see SORA Guidelines at 17; People v Hawthorne, 158 AD3d 651, 653-654; People v Washington, 84 AD3d 910, 911), the evidence submitted by the defendant at the hearing failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional.
As to the defendant's claims of remorsefulness and his acceptance of responsibility, these claims are belied by the record. Although the defendant admitted guilt to the probation department when interviewed for the presentence investigation report, subsequently upon arriving at the Department of Corrections and Community Supervision, he denied his guilt and claimed he pleaded guilty on the advice of counsel. Critically, the defendant also concedes that he refused to complete sex offender treatment. The defendant's contention that the Supreme Court abused its discretion in considering his postconviction motions in determining whether he had accepted responsibility for his crimes is unpreserved for appellate review since the defendant did not object on these grounds during the SORA hearing (see CPL 470.05[2]). In any event, the defendant's contention is without merit. In determining whether to exercise its discretion in granting a downward departure, the court "must examine all the relevant circumstances in determining whether a designation at the presumptive risk level would result in an overassessment of the risk and danger of reoffense" (People v Kohout, 145 AD3d at 923; see People v Gillotti, 23 NY3d at 861; People v Marsh, 116 AD3d 680, 682; People v Wyatt, 89 AD3d at 128). Accordingly, the content of the defendant's motions submitted to the court were relevant to the court's evaluation of whether the defendant had accepted responsibility for his crimes. Thus, the record demonstrates that the defendant was appropriately scored 15 points for not accepting responsibility.
Finally, as to all of the mitigating circumstances cited by the defendant, he failed to demonstrate by a preponderance of the evidence that these circumstances "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 129).
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure and designating him a level three sex offender.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court