People v Baez (2021 NY Slip Op 06636)





People v Baez


2021 NY Slip Op 06636


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-05633

[*1]The People of the State of New York, respondent,
v
Demencio Baez, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Nikita Mehta of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), entered April 10, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1988, as a result of offenses committed against his nieces when they were ages 5, 8, 12, and 14, the defendant was convicted of rape in the first degree (two counts), sodomy in the first degree, attempted sodomy in the first degree (two counts), sexual abuse in the first degree, rape in the second degree, attempted sodomy in the second degree, sexual abuse in the second degree, and endangering the welfare of a child. He was sentenced to an aggregate indeterminate term of imprisonment of 10 to 30 years and was not released until the maximum expiration of his sentence, at which time he was 65 years old.
Pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders (hereinafter the board) assessed the defendant's risk to the public using the risk assessment instrument (hereinafter RAI) which accompanies the SORA: Risk Assessment Guidelines and Commentary (2006 [hereinafter Guidelines]) and, based upon his RAI score of 155, assessed him as a level three sex offender. At his SORA hearing, the defendant sought a downward departure from this risk assessment based upon his familial support, age, health, and the nature of his offenses. The Supreme Court denied the defendant's application, finding that the factors he raised were adequately considered by the Guidelines.
The Guidelines advise that the assessment resulting from application of the RAI results in a "presumptive" (Guidelines at 4) SORA determination from which the court may depart "if special circumstances warrant" due to an aggravating or mitigating factor that is not adequately taken into account by the Guidelines (id.; see People v Perez, 35 NY3d 85, 88; People v Pettigrew, 14 NY3d 406, 409; People v Thompson, 186 AD3d 1544, 1544-1545). A departure from the presumptive risk level is generally the exception, not the rule (see Guidelines at 4; People v Howard, 27 NY3d 337, 341; People v Johnson, 11 NY3d 416, 421; People v Rodriguez, 196 AD3d 43, 48; People v Gonzalez, 194 AD3d 1083, 1084).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) [*2]establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, the support provided by a family member with whom a defendant intends to reside is adequately taken into account by the Guidelines' consideration of living arrangements (see People v Peoples, 189 AD3d 1282, 1283; People v Rodriguez, 184 AD3d 588, 589). With respect to the support offered by his children, the defendant has failed to explain how their support will contribute to a lower likelihood of reoffense or danger to the community (see People v Peoples, 189 AD3d at 1283).
Although a defendant's age and/or ill health may warrant a downward departure (see Guidelines at 5; People v McClendon, 175 AD3d 1329, 1331; People v Benoit, 145 AD3d 687), the defendant here has failed to proffer evidence demonstrating that either his age or his health impairs his sexual function or would otherwise decrease his risk of reoffending (compare People v Jimenez, 178 AD3d 1099, 1101, with People v Stevens, 55 AD3d 892, 894).
While this Court has recently clarified that a defendant's familial relationship with the victim(s) does not warrant an upward departure, neither does it warrant a downward departure (see People v Rodriguez, 196 AD3d 43). Instead, the Guidelines take that consideration into account by assigning points under risk factor 7 where the victim is a stranger, where the relationship was established for the purpose of victimization, or where there is a professional relationship.
The defendant's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court