People v Addison (2022 NY Slip Op 00445)





People v Addison


2022 NY Slip Op 00445


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-12448

[*1]The People of the State of New York, respondent,
v
Tariq Addison, appellant.


Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan Dennehy of counsel; Joshua Spector on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy Mangano, Jr., J.), dated August 15, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 105 points, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see id. § 168-n). The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v Jimenez, 178 AD3d 1099, 1100; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In light of the purpose of SORA, which is to assess the risk that the offender poses while at liberty, lengthy periods during which the defendant has been at liberty after the offense are significant in determining the risk of reoffense and the danger posed in the event of reoffense (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516; People v Witchley, 9 Misc 3d 556, 558 [Madison County Ct]). Since these periods are not taken into account in the risk assessment instrument (hereinafter the RAI), they are a permissible ground for departure (see People v Sotomayer, 143 AD3d at 687; People v Abdullah, 31 AD3d at 516). Here, the defendant committed a sex offense in Georgia in 2004. In the time between that crime and the SORA hearing, [*2]which was held in 2018, the defendant was at liberty for approximately 12 years without reoffending. In light of the lengthy amount of time without reoffense, we conclude that the RAI overstated the defendant's risk of reoffense. Accordingly, a downward departure was warranted. Under the circumstances, we designate the defendant a level one sex offender (see People v Sotomayer, 143 AD3d at 687; People v Abdullah, 31 AD3d at 516).
BARROS, J.P., CONNOLLY, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court