People v Crawford (2022 NY Slip Op 03132)

People v Crawford

2022 NY Slip Op 03132

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2021-05919

[*1]The People of the State of New York, respondent,
v
Michael Crawford, appellant. Steven P. Goldenberg, Chappaqua, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Benjamin N. Costanza on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated July 6, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. On appeal, the defendant challenges the assessment of 15 points under risk factor 14 for release without supervision and the denial of his request for a downward departure.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Levy, 192 AD3d 928, 929, citing Correction Law § 168-n[3]; see People v Guadeloupe, 173 AD3d 910, 911). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481, quoting People v Luna, 187 AD3d 805, 806 [internal quotation marks omitted]).
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 14. The record demonstrates that the defendant was released from incarceration in Canada and returned to New York following his deportation without being under supervision as contemplated by SORA (see People v Ramos, 179 AD3d 850).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) [*2]establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. "Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community, a downward departure is not warranted under the circumstances here" (People v Smith, 187 AD3d 1228, 1229, citing People v Gillotti, 23 NY3d at 861). The defendant identified himself as a "collector" of child pornography, and the length of time the defendant had been viewing child pornography, the number of images and video files he possessed, and his statement that he views child pornography "to see if he could have sex with a child" all militated against a downward departure (see People v Porciello, 193 AD3d 993; People v Smith, 187 AD3d 1228; People v Bolan, 186 AD3d 1273; People v Baker, 181 AD3d 908, 909).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court