People v Gurley (2023 NY Slip Op 02686)

People v Gurley

2023 NY Slip Op 02686

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-07952

[*1]The People of the State of New York, respondent,
v
Christopher Gurley, appellant. Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Kenneth Cooper on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy Mangano, Jr., J.), dated June 19, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factors 13 and 14, and the denial of his request for a downward departure.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]). Here, contrary to the defendant's contention, the People presented clear and convincing evidence that the defendant's conduct while supervised was unsatisfactory, as he violated certain conditions of his release. Therefore, the Supreme Court properly assessed 10 points under risk factor 13 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006] [hereinafter Guidelines]; People v Howell, 213 AD3d 708, 708; People v Levy, 192 AD3d 928, 929; People v Madera, 100 AD3d 1111, 1112). The People also established by clear and convincing evidence the facts supporting the assessment of 15 points under risk factor 14. The evidence demonstrated that the defendant was under no supervision following his release from prison (see Guidelines at 17; People v Crawford, 205 AD3d 828, 829; People v Ramos, 179 AD3d 850, 850; People v Farahat, 78 AD3d 805, 805).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the [*2]defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In light of the purpose of SORA, which is to assess the risk that the offender poses while at liberty, lengthy periods during which the defendant has been at liberty after the offense are significant in determining the risk of reoffense and the danger posed in the event of reoffense (see People v Addison, 201 AD3d 974, 975; People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516). Since these periods are not taken into account in the risk assessment instrument, they are a permissible ground for departure (see People v Addison, 201 AD3d at 975; People v Sotomayer, 143 AD3d at 687; People v Abdullah, 31 AD3d at 516). Here, the defendant was released from prison for the underlying sex offense in 2002. In the time between his release and the SORA hearing, which was held in 2019, the defendant was at liberty for approximately 17 years without reoffending. In light of the lengthy amount of time without reoffense, we designate the defendant a level one sex offender (see People v Addison, 201 AD3d at 975; People v Sotomayer, 143 AD3d at 687; People v Abdullah, 31 AD3d at 516).
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court