People v Godoy (2023 NY Slip Op 06063)

People v Godoy

2023 NY Slip Op 06063

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-02059
2022-05138

[*1]The People of the State of New York, respondent, 
v
Raul Godoy, appellant. 

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes of counsel; Mathews Thankachan on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Christopher Hoefenkrieg, J.), entered March 10, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, and (2) so much of an order of the same court entered June 1, 2022, as, in effect, upon reargument, adhered to the original determination in the order entered March 10, 2022.
ORDERED that the appeal from the order entered March 10, 2022, is dismissed, without costs or disbursements, as that order was superseded by the order entered June 1, 2022, made, in effect, upon reargument; and it is further,
ORDERED that the order entered June 1, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 110 points, in effect, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. Thereafter, the defendant moved for leave to reargue. The court, in effect, upon reargument, adhered to the original determination designating the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court's assessment of 10 points under risk factor 15 (living/employment situation) was supported by clear and convincing evidence, since the maps submitted by the People established that the defendant's residence, which was in close proximity to two schools and a public park, was inappropriate (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17-18 [2006] [hereinafter Guidelines]; People v Alemany, 13 NY3d 424, 430; People v Bretan, 84 AD3d 906, 907).
Additionally, the Supreme Court did not improvidently exercise its discretion by, in effect, denying the defendant's application for a downward departure from the presumptive risk level. Although the Guidelines and the risk assessment instrument do not take into account lengthy periods of time during which the defendant has been at liberty after the offense without reoffending (see People v Sotomayer, 143 AD3d 686, 687; People v Abdullah, 31 AD3d 515, 516), "here, the [*2]defendant failed to establish by a preponderance of the evidence that, in the time since his conviction for a sex offense, he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level" (People v Sprinkler, 162 AD3d 802, 803; see People v Alleyne, 212 AD3d 660, 662).
Accordingly, the Supreme Court properly, in effect, upon reargument, adhered to its original determination designating the defendant a level three sex offender.
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court