People v Savino (2023 NY Slip Op 06392)

People v Savino

2023 NY Slip Op 06392

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-10290

[*1]The People of the State of New York, respondent,
v
William Savino, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani and Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan D. Estreich of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated October 19, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level two sex offender following his conviction of sexual battery (NC Gen Stat § 14-27.33) in North Carolina and his relocation to New York. On appeal, the defendant contends that the County Court erred in assessing him points under both risk factor 5, age of victim, and risk factor 6, victim suffered from a mental disability, mental incapacity, or physical helplessness, and in denying his application for a downward departure from his presumptive risk level.
Contrary to the defendant's contention, the County Court properly assessed the defendant 30 points under risk factor 5 because the victim's age was 63 or more and 20 points under risk factor 6 because the victim suffered from a mental disability. Inasmuch as the record reflects that the victim suffered from a mental disability that was "not the result of, or in any way connected with, her age," assessing points in both categories did not constitute impermissible double counting (People v Caban, 61 AD3d 834, 835; see People v Romero, 215 AD3d 773; People v Brown, 131 AD3d 520).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual [*2]recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), here, the defendant failed to demonstrate that his age at the time of the SORA hearing, 81 years old, constituted an appropriate mitigating factor and would minimize his risk of reoffense, particularly since he committed the instant offense when he was 79 years old (see People v Colon, 186 AD3d 1730; People v Santilus, 169 AD3d 838, 839). As to the support the defendant claims he will receive from family members, he failed to demonstrate how having that support established a lower likelihood of reoffense or danger to the community (see People v Santilus, 169 AD3d at 839). The fact that the total number of points assessed to the defendant was near the low end of the range for a presumptive level two designation did not, by itself, constitute a ground for a downward departure from the presumptive risk level (see People v Canales, 217 AD3d 785, 786).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court