People v Wildman (2024 NY Slip Op 05229)

People v Wildman

2024 NY Slip Op 05229

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-01635

[*1]The People of the State of New York, respondent,
v
Jamel Wildman, appellant. Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Abbye Lawrence of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered February 25, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. On appeal, the defendant challenges the denial of his request for a downward departure.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Gurley, 216 AD3d 1007, 1008 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Addison, 201 AD3d 974, 975; People v Carter, 138 AD3d 706, 707). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gurley, 216 AD3d at 1008).
In light of the purpose of SORA, which is to assess the risk that the offender poses while at liberty, lengthy periods during which the defendant has been at liberty after the offense are significant in determining the risk of reoffense and the danger posed in the event of reoffense (see People v Gurley, 216 AD3d at 1008; People v Addison, 201 AD3d at 975; People v Sotomayer, 143 AD3d 686, 687). "Since these periods are not taken into account in the risk assessment instrument, they are a permissible ground for departure" (People v Gurley, 216 AD3d at 1008-1009).
Here, the defendant has been at liberty for more than 11 years without committing an additional sex offense or violent felony. Additionally, although the Supreme Court properly assessed the defendant points on the risk assessment instrument based on both the victim's age (risk factor 5) and the defendant's age at the time of his first offense (risk factor 8), the court did not adequately account for the age difference between the victim and the defendant, which was approximately four years and two months, as an appropriate mitigating factor (see People v Carter, 138 AD3d at 707-708; see also People v Jusino, 11 Misc 3d 470, 480-482 [Sup Ct, NY County]).
Under the totality of the circumstances, including that the defendant was already on the cusp of the range applicable to a presumptive risk level two designation (see People v Fisher, 177 AD3d 615, 616; People v Carter, 138 AD3d at 707-708), we designate the defendant a level one sex offender (see People v Gurley, 216 AD3d at 1008; People v Addison, 201 AD3d at 975).
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court