People v Dockery (2024 NY Slip Op 06222)

People v Dockery

2024 NY Slip Op 06222

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-09619

[*1]The People of the State of New York, respondent,
v
Anthony Dockery, appellant. Patricia Pazner, New York, NY (Zachory Nowosadzki of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered September 27, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender following his convictions of, inter alia, two counts of attempted rape in the first degree (see People v Dockery, 215 AD2d 497). On appeal, the defendant contends that the Supreme Court erred in denying his application for a downward departure from his presumptive risk level.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Gurley, 216 AD3d 1007, 1008 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gurley, 216 AD3d at 1008; see People v Gillotti, 23 NY3d at 861).
Here, the Supreme Court properly denied the defendant's application for a downward departure. The defendant's lack of criminal history (see Guidelines at 13) and his young age of 18 at the time of the offenses (see id. at 13-14) were adequately taken into account by the Guidelines (see People v Tleis, 222 AD3d 1012, 1012-1013). Although advanced age may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, 50 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Medina, 225 AD3d 798, 798; People v Samuels, 199 AD3d 1034, 1036). Contrary to the defendant's contention, the support provided by a family member with whom the [*2]defendant intends to reside is adequately taken into account by the Guidelines' consideration of living arrangements (see People v Baez, 199 AD3d 1027, 1028; People v Peoples, 189 AD3d 1282, 1283). With respect to the support offered by other family members, the defendant failed to adequately explain how their support will contribute to a lower likelihood of reoffense or danger to the community (see People v Savino, 222 AD3d 792, 793; People v Baez, 199 AD3d at 1028; People v Peoples, 189 AD3d at 1283).
Moreover, the fact that the total number of points assessed to the defendant was near the low end of the range for a presumptive level three designation did not, by itself, constitute a ground for a downward departure from the presumptive risk level (see People v Savino, 222 AD3d at 793; People v Scott, 204 AD3d 948, 949).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level three sex offender.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court