People v Zarifa (2025 NY Slip Op 02357)

People v Zarifa

2025 NY Slip Op 02357

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-02114

[*1]The People of the State of New York, respondent,
v
Eliyahu Zarifa, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), dated December 21, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of course of sexual conduct against a child in the first degree, upon his plea of guilty. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 85 points on the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), denied his application for a downward departure, and designated him a level two sex offender. On appeal, the defendant, in effect, challenges the assessment of points under risk factor 1 and the denial of his application for a downward departure.
Contrary to the defendant's contention, the County Court properly assessed 10 points under risk factor 1 for forcible compulsion (see id. at 7-8). The People demonstrated, by clear and convincing evidence, that on at least one occasion the defendant, who was significantly older and larger than the child victim, held the victim down while forcing sexual intercourse (see People v Soto, 155 AD3d 1066, 1067; People v Martinez, 125 AD3d 735, 736-737; People v Williams, 302 AD2d 412, 412; People v Samuel, 239 AD2d 527, 528).
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Bigelow, 175 AD3d 1443, 1444; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to demonstrate that his acceptance of responsibility (see [*2]Guidelines at 15-16) and lack of criminal history (see id. at 14) constituted appropriate mitigating factors, as they were adequately taken into account by the Guidelines (see People v Curry, 158 AD3d at 58; see People v Gillotti, 23 NY3d at 861). As to the other mitigating factors, namely the defendant's purported advanced age, poor health, and community support, the defendant failed to demonstrate how those factors established a lower likelihood of reoffense or danger to the community (see People v Savino, 222 AD3d 792, 793; People v Saintilus, 169 AD3d 838, 839).
Accordingly, the County Court properly designated the defendant a level two sex offender.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court