People v Sang Wong (2025 NY Slip Op 05835)

People v Sang Wong

2025 NY Slip Op 05835

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-04758

[*1]The People of the State of New York, respondent,
v
Sang Wong, appellant.

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered June 15, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1992, the defendant was convicted, after a jury trial, of, among other things, one count of rape in the first degree (Penal Law § 130.35[1]), two counts of sodomy in the first degree (id. former § 130.50[1]), and two counts of sexual abuse in the first degree (id. § 130.65[1]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 165 points on the risk assessment instrument (hereinafter RAI), rendering him a presumptive level three sex offender, denied the defendant's application for a downward departure from the presumptive risk level to risk level two, and designated the defendant a level three sex offender. The defendant appeals.
The SORA Guidelines "advise that the assessment resulting from application of the RAI results in a 'presumptive' (Guidelines at 4) SORA determination from which the court may depart 'if special circumstances warrant' due to an aggravating or mitigating factor that is not adequately taken into account by the Guidelines" (People v Baez, 199 AD3d 1027, 1028, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Therefore, "[a] defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (id., quoting People v Wyatt, 89 AD3d 112, 128). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (id.). "A departure from the presumptive risk level is generally the exception, not the rule" (id.; see Guidelines at 4).
"Although 'advanced age' may constitute a basis for a downward departure" (People v Porciello, 193 AD3d 993, 994, quoting Guidelines at 5), the defendant failed to demonstrate that [*2]his age at the time of the SORA hearing, 62 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see id.; People v Rivas, 185 AD3d 740, 740-741; People v Shelton, 126 AD3d 959, 959-960). "An offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure" (People v Santogual, 157 AD3d 737, 738). In this case, however, the defendant did not prove by a preponderance of the evidence that his participation in and completion of alternatives to violence programs, vocational classes, and other programs offered to the general prison population constituted a proper mitigating factor that was not otherwise adequately taken into account by the Guidelines (see People v Guevara, 240 AD3d 622, 623; People v Jimenez, 178 AD3d 1099, 1100-1101). Additionally, the defendant's purported family support was adequately taken into account by risk factor 15 (living/employment situation) (see People v Emery, 204 AD3d 944, 945; People v Baez, 199 AD3d at 1028). Similarly, the remoteness of the defendant's prior conviction for a violent felony was taken into account by risk factor 9 (number and nature of prior crimes) and risk factor 10 (recency of prior felony or sex crime) (see People v Emery, 204 AD3d at 945; People v Sofo, 168 AD3d 891, 892).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court