People v Williams (2021 NY Slip Op 07016)





People v Williams


2021 NY Slip Op 07016


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2016-12672
 (Ind. No. 3537/13)

[*1]The People of the State of New York, respondent,
v
Robert Williams, appellant.


Patricia Pazner, New York, NY (Benjamin Welikson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered November 16, 2016, convicting him of assault in the second degree as a sexually motivated felony, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On appeal, the defendant contends that he was denied the effective assistance of counsel. A defendant's right to the effective assistance of counsel is guaranteed by the Federal and the State Constitutions (see US Const, 6th Amend; NY Const, art I, § 6). "To prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation" (People v Flores, 84 NY2d 184, 187). "Meaningful representation is determined by an examination of the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation" (People v Mendoza, 33 NY3d 414, 418 [internal quotation marks omitted]; see People v Oliveras, 21 NY3d 339, 346; People v Baldi, 54 NY2d 137, 147). It is the defendant's burden "to demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (People v Rivera, 71 NY2d 705, 709; see People v Faulk, 185 AD3d 953, 956), and counsel's performance is "objectively evaluated to determine whether it was consistent with strategic decisions of a reasonably competent attorney" (People v Benevento, 91 NY2d 708, 712 [citation and internal quotation marks omitted]; see People v Mendoza, 33 NY3d at 418).
Here, the defendant contends that he was denied the effective assistance of counsel, due to his attorney's failure to: (1) object to allegedly inadmissible DNA evidence, (2) highlight allegedly inconclusive test results, (3) move to reopen a suppression hearing after evidence of alleged police misconduct came to light, and (4) object to allegedly inadmissible bolstering testimony.
As the People correctly contend, the defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "'mixed claim[ ]' of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109, quoting People v Evans, 16 NY3d 571, 575 n 2; see People v Taylor, 156 AD3d 86, 91-92). Since the defendant's claim of ineffective assistance of [*2]counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Jones, 105 AD3d 1059, 1060-1061; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109; cf. People v Robinson, 166 AD3d 661, 662; People v Daniels, 164 AD3d 599, 600).
The defendant's remaining contentions either are without merit or constitute harmless error on this record (see generally People v LaRoche, 162 AD3d 684, 685; People v Massillon, 137 AD3d 1169, 1169; People v Whitlock, 95 AD3d 909, 911).
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court