People v Capasso (2022 NY Slip Op 02028)





People v Capasso


2022 NY Slip Op 02028


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2019-12727

[*1]The People of the State of New York, respondent,
v
William Capasso, appellant. Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated September 25, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Florida, upon his plea of guilty, of four counts of lewd, lascivious, or indecent assault upon a child (see Fla Stat § 800.04) and five counts of sexual battery of a child by an adult (see id. § 794.011). Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 145 points under the risk assessment instrument and designated the defendant a level three sex offender. The defendant appeals.
"A defendant has a right to the effective assistance of counsel in a SORA proceeding" (People v Bertrand, 194 AD3d 1081, 1081). Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness" (Strickland v Washington, 466 US 668, 688) and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (id. at 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome (see People v Georgiou, 38 AD3d at 160-161).
Here, while it may have been prudent for defense counsel to request a downward departure, defense counsel's omission under the circumstances of this case was not so egregious and prejudicial as to have deprived the defendant of the effective assistance of counsel under either the federal or state standards (see People v Bowles, 89 AD3d 171, 181; see generally Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
Accordingly, we affirm the order.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court