People v Parvez (2022 NY Slip Op 05874)

People v Parvez

2022 NY Slip Op 05874

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-00229

[*1]People of State of New York, respondent, 
v
Monir Parvez, appellant. Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Amanda Iannuzzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Karen Gopee, J.), dated November 19, 2020, which after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points, which placed him within the range for a presumptive level two designation. The court denied the defendant's request for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
"'A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel'" (People v Lyons, 199 AD3d 722, 724, quoting People v Willingham, 101 AD3d 979, 979). Under the New York State standard for ineffective assistance of counsel, "'[t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation'" (People v Williams, 200 AD3d 914, 914, quoting People v Flores, 84 NY2d 184, 187; see People v Mendoza, 33 NY3d 414, 418). "Meaningful representation" is determined by an examination of "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation" (People v Oliveras, 21 NY3d 339, 346 [internal quotation marks omitted]).
Under the federal standard for ineffective assistance of counsel, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: "(1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case. Under both the state and federal standards, a claim that counsel was ineffective for failing to make a motion or argument [*2]is without merit when such motion or argument had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Green, 195 AD3d 754, 755-756; see also People v Strong, 196 AD3d 707, 708). "Where a defendant claims that counsel's performance is deficient the defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Wright, 25 NY3d 769, 779 [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712).
The defendant contends that counsel's conclusory assertion, at the SORA hearing, concerning the points assessed to the defendant under risk factor 1 for physical violence, that the victim "made up" the allegations of physical injury she sustained during the assault, constituted ineffective assistance of counsel. The defendant also contends that counsel was ineffective for failing to argue that the People did not present clear and convincing evidence of the defendant's physical violence and the victim's resulting injuries and medical treatment insofar as the People relied on unattributed descriptions in the record of the victim's injuries to demonstrate physical injury. Moreover, the defendant argues that had this argument been raised successfully below, it could have, in essence, resulted in a 15-point reduction in the points assessed to the defendant. As a result, the defendant's total score on the risk assessment instrument would have fallen within the range of a presumptive level one sex offender.
Contrary to the defendant's contention, counsel was not ineffective for not disputing whether the People demonstrated the victim's injuries with clear and convincing evidence. "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Mendez, 207 AD3d 480, 481, quoting People v Luna, 187 AD3d 805, 806; see People v Villavicencio, 206 AD3d 677, 678; see also People v Lyons, 199 AD3d 722, 723; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
Here, clear and convincing evidence from the case summary and the presentence report demonstrated that the defendant's use of physical violence resulted in the victim's injuries. Thus, had counsel argued otherwise at the hearing, it cannot be said that this contention would have been successful and resulted in a different outcome.
The defendant's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court