People v Mizhquiri-Duarte (2022 NY Slip Op 07252)

People v Mizhquiri-Duarte

2022 NY Slip Op 07252

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-00567

[*1]The People of the State of New York, respondent,
v
Rafael Mizhquiri-Duarte, appellant. Patricia Pazner, New York, NY (Jenna Hymowitz of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated January 2, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree (Penal Law § 130.80[1][b]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 90 points, which placed him within the range of a presumptive level two designation. The defendant did not seek a downward departure from his presumptive risk level, and the court rejected the defendant's objections to an assessment of points under risk factors 2 and 14 of the risk assessment instrument. The Supreme Court then designated the defendant a level two sex offender. The defendant appeals.
"'A defendant has a right to the effective assistance of counsel in a SORA proceeding'" (People v Capasso, 203 AD3d 1085, 1085, quoting People v Bertrand, 194 AD3d 1081, 1081). Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Even under the state standard, however, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Green, 195 AD3d 754, 755-756).
Here, contrary to the defendant's contention, defense counsel was not ineffective for failing to request a downward departure (see People v Capasso, 203 AD3d at 1086). The record [*2]demonstrates that such an argument had little or no chance of success, and there is no reasonable probability that had counsel requested a downward departure, the result of the proceeding would have been different (see People v Butler, 157 AD3d 727, 731-732; see also Strickland v Washington, 466 US at 694).
The defendant's remaining contentions either are without merit or not properly before this Court.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court