People v Oliver (2023 NY Slip Op 01909)

People v Oliver

2023 NY Slip Op 01909

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-06949

[*1]The People of the State of New York, respondent,
v
Joseph Oliver, appellant. 

Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 28, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, following a hearing, designated the defendant a level three sex offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Crandall, 90 AD3d 628, 629; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d at 629).
Here, contrary to the defendant's contention, in light of his admissions and his referral to alcohol abuse treatment programs, the Supreme Court properly assessed the defendant 15 points under risk factor 11 for alcohol abuse (see People v Barry, 213 AD3d 779, 780; People v Guallpa, 209 AD3d 774, 775). The court properly assessed these points even though the defendant had abstained from alcohol during his imprisonment (see People v Adkinson, 175 AD3d 612; People v Moultrie, 147 AD3d 800, 801).
Contrary to the defendant's further contention, he was not deprived of the effective assistance of counsel (see People v Mizhquiri-Duarte, 211 AD3d 977, 978; People v Eaton, 105 AD3d 722, 724).
The defendant's remaining contention is academic in light of our determination.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court