People v Patrick (2023 NY Slip Op 04388)

People v Patrick

2023 NY Slip Op 04388

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-02044

[*1]People of State of New York, respondent,
v
Malston Patrick, appellant. 

Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 7, 2022. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the third degree (Penal Law § 130.40[2]), based upon conduct that occurred when he was 37 years old with a victim who was 16 years old. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points and designated him a level two sex offender.
"'A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel'" (People v Motta, 215 AD3d 771, 772, quoting People v Willingham, 101 AD3d 979, 979; see People v Parvez, 209 AD3d 885, 886). "Under the New York State standard for ineffective assistance of counsel, '[t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation'" (People v Parvez, 209 AD3d at 886, quoting People v Williams, 200 AD3d 914, 914 [internal quotation marks omitted]). Under the federal standard for ineffective assistance of counsel, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: "(1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694). "Under both the state and federal standards, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success" (People v Parvez, 209 AD3d at 887; see People v Caban, 5 NY3d 143, 152).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by his attorney's failure to challenge the assessment of 20 points under risk factor 7 (relationship with victim, stranger or established for purpose of victimizing). The People's evidence, including the presentence report, demonstrated that the defendant's interactions with the victim prior to the crime consisted primarily of sexually explicit messages that he exchanged with the victim on [*2]Facebook shortly after connecting on an app that the defendant used to find sexual partners. The People therefore established, by clear and convincing evidence, that the defendant and the victim were "strangers" within the meaning of risk factor 7 (see People v Powell, 188 AD3d 734, 734; People v Ramsey, 124 AD3d 472; People v Grassi, 123 AD3d 602).
Moreover, the defendant was not deprived of the effective assistance of counsel by his attorney's failure to request a downward departure based on the defendant's alleged belief that the victim was 18 years old. The record demonstrates that such an argument would have had little or no chance of success (see People v Mizhquiri-Duarte, 211 AD3d 977, 977-978), considering the age disparity between the 37-year-old defendant and the 16-year-old victim (see People v Quirindongo, 153 AD3d 863, 863-864; People v Anderson, 137 AD3d 988), as well as the defendant's apparent failure to appreciate indicators that the victim was underaged.
The defendant's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court