People v Korzeniowski (2023 NY Slip Op 05160)

People v Korzeniowski

2023 NY Slip Op 05160

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-03827

[*1]People of State of New York, respondent,
v
David Korzeniowski, appellant. 

Michael J. Miller, Miller Place, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar M. O'Rourke and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated May 18, 2021. The order, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child less than 16 years of age (Penal Law § 263.16). After a hearing conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 60 points, granted the People's application for an override to a presumptive risk level of three based on the defendant's prior conviction of a felony sex offense, and designated the defendant a level three sex offender. The defendant appeals.
"'A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel'" (People v Motta, 215 AD3d 771, 772, quoting People v Willingham, 101 AD3d 979, 979; see People v Parvez, 209 AD3d 885, 886). "Under the New York State standard for ineffective assistance of counsel, '[t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation'" (People v Parvez, 209 AD3d at 886, quoting People v Williams, 200 AD3d 914, 914 [internal quotation marks omitted]). Under the federal standard for ineffective assistance of counsel, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: "(1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Wolbert, 207 AD3d 483, 485, quoting Strickland v Washington, 466 US 668, 688, 694). "Under both the state and federal standards, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success" (People v Parvez, 209 AD3d at 887; see People v Caban, 5 NY3d 143, 152). "Where a defendant claims that counsel's performance is deficient the defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Wright, 25 NY3d 769, 779 [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712).
Contrary to the defendant's contention, he was not deprived of the effective assistance [*2]of counsel by defense counsel's challenge to the People's override application, which was made on the ground that the defendant's prior conviction of a felony sex offense was not proven by clear and convincing evidence because the People did not introduce a certificate of conviction. The People established the defendant's prior conviction of a felony sex offense by clear and convincing evidence through submission of the case summary (see People v Barr, 205 AD3d 741, 743; People v McCurdy, 198 AD3d 991, 992). Defense counsel cannot be faulted for making a relevant argument in support of the defendant's position at the SORA hearing, notwithstanding that such argument ultimately proved unsuccessful (see People v Caban, 5 NY3d at 152).
Moreover, the defendant was not deprived of the effective assistance of counsel by defense counsel's failure to request a downward departure from the defendant's presumptive risk level of three (see People v Capasso, 203 AD3d 1085). The record demonstrates that a request for a downward departure would have had little or no chance of success, and there is no reasonable probability that, had defense counsel requested a downward departure, the result of the proceeding would have been different (see People v Mizhquiri-Duarte, 211 AD3d 977, 977-978).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court