People v Dabney (2023 NY Slip Op 05525)

People v Dabney

2023 NY Slip Op 05525

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2016-09204

[*1]The People of the State of New York, respondent, 
v
Gary Dabney, appellant.

Twyla Carter, New York, NY (Samuel Clafin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, King County (Michael J. Brennan, J.), dated July 6, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed a total of 95 points, granted the People's application for an upward departure to risk level three, and designated the defendant a level three sex offender. The defendant appeals.
"A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel" (People v Willingham, 101 AD3d 979, 979; see People v Motta, 215 AD3d 771, 772; People v Mizhquiri-Duarte, 211 AD3d 977; People v Parvez, 209 AD3d 885, 886). Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US 668, 688, 694; see People v Georgiou, 38 AD3d 155, 160). Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's errors on the outcome of the case (see People v Georgiou, 38 AD3d at 160-161). Even under the state standard, however, a claim that counsel was ineffective for failing to make a motion or argument is without merit when such motion or argument had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Strong, 196 AD3d 707, 708; People v Green, 195 AD3d 754, 755-756).
Here, contrary to the defendant's contention, defense counsel was not ineffective for failing to challenge the assessment of 10 points under risk factor 1 (use of violence, used forcible compulsion). The assessment of these points was supported by clear and convincing evidence, including the case summary prepared by the Board of Examiners of Sex Offenders and the presentence report (see Correction Law § 168-n[3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]; People v Mingo, 12 NY3d 563, 573-574; People v [*2]Martinez, 125 AD3d 735, 736). In addition, the defendant pleaded guilty to attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]), an element of which is forcible compulsion (see People v Law, 94 AD3d 1561, 1562).
Similarly, defense counsel was not ineffective for failing to challenge the assessment of 25 points under risk factor 2 (sexual contact with victim, sexual intercourse). The assessment of these points was established by clear and convincing evidence, which included the defendant's statement that the victim "had sexual intercourse with him" (see People v Parris, 153 AD3d 68, 82-83). Thus, had counsel argued otherwise at the hearing, it cannot be said that this contention would have been successful and resulted in a different outcome (see People v Parvez, 209 AD3d at 888).
Further, defense counsel was not ineffective for failing to request a downward departure (see People v Mizhquiri-Duarte, 211 AD3d at 978; People v May, 205 AD3d 745). The record demonstrates that such an argument had little or no chance of success, and there is no reasonable probability that had counsel requested a downward departure, the result of the proceeding would have been different (see People v Mizhquiri-Duarte, 211 AD3d at 978; People v Butler, 157 AD3d 727, 731-732; see also Strickland v Washington, 466 US at 694).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court