People v Ivey (2024 NY Slip Op 00090)

People v Ivey

2024 NY Slip Op 00090

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2020-07972

[*1]The People of the State of New York, respondent,
v
Robert Ivey, appellant. Joseph A. Hanshe, Sayville, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Edward A. Bannan and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated October 6, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, designated the defendant a level three sex offender based upon the assessment of a total of 110 points (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-5 [2006] [hereinafter Guidelines]). On appeal, the defendant challenges the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victim), and contends that he is entitled to a downward departure from his presumptive risk level.
Contrary to the defendant's contention, the Supreme Court properly assessed points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted images of at least two child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Titone, 209 AD3d 888, 889; People v Smith, 187 AD3d 1228, 1229; People v Bolan, 186 AD3d 1273, 1274).
Since the defendant did not request a downward departure from his presumptive risk level in the Supreme Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Rodriguez, 194 AD3d 864; People v Eason, 192 AD3d 925, 926; People v Yglesias, 180 AD3d 821, 822-823). In any event, the defendant did not satisfy his burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; People v Fernandez, 219 AD3d 760, 763; People v Barry, 213 AD3d 779, 781; People v Morales, 192 AD3d 930, 931; see also Guidelines at 4).
Furthermore, defense counsel was not ineffective for failing to request a downward departure (see People v Capasso, 203 AD3d 1085). The record demonstrates that such an argument would have had little or no chance of success, and there is no reasonable probability that had defense counsel requested a downward departure, the result of the proceeding would have been different (see People v Mizhquiri-Duarte, 211 AD3d 977, 977-978; People v May, 205 AD3d 745; People v Capasso, 203 AD3d 1085; see also Strickland v Washington, 466 US 668, 694).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court