People v Eason (2024 NY Slip Op 05810)

People v Eason

2024 NY Slip Op 05810

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2021-07596

[*1]The People of the State of New York, respondent, 
v
Ryan Eason, appellant.

Joseph A. Hanshe, Sayville, NY (Kimberly M. Ball of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated September 14, 2021, as amended, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order, as amended, is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6—C; hereinafter SORA), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, presumptively placing him within the range for a level two designation. In an order dated September 14, 2021, as amended, the court designated the defendant a level two sex offender.
On appeal, the defendant contends that the People failed to establish, by clear and convincing evidence, facts to support the assessment of 15 points under risk factor 12, acceptance of responsibility. The defendant also contends that he was deprived of the effective assistance of counsel because his counsel, inter alia, did not present facts relevant for a downward departure from the defendant's presumptive risk level.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence" (People v Brown, 194 AD3d 861, 861). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629).
Contrary to the defendant's contention, the Supreme Court's assessment of points under risk factor 12 was proper. The People presented clear and convincing evidence, including the case summary prepared by the Board of Examiners of Sex Offenders, of the defendant's failure to accept responsibility for his actions and his removal from a sex offender treatment program (see People v Bautista, 210 AD3d 1020, 1021; People v Murphy, 68 AD3d 832, 833). The defendant proffered no evidence to the contrary (see People v Harmon, 145 AD3d 688, 690; cf. People v Pietarniello, 53 AD3d 475, 476).
Contrary to the defendant's further contention, counsel was not ineffective. The record reflects that counsel provided meaningful representation, and there is no reasonable probability that, but for counsel's purported errors, the result of the proceeding would have been different (see People v Korzeniowski, 220 AD3d 816, 818; People v Mizhquiri-Duarte, 211 AD3d 977, 977-978; People v Bowles, 89 AD3d 171, 181).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court