People v Lorgo (2025 NY Slip Op 05707)

People v Lorgo

2025 NY Slip Op 05707

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2025-05638

[*1]The People of the State of New York, respondent,
v
Jose Lorgo, appellant. Lori Golombek, Mineola, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Grant R. Gaska on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Anthony M. Battisti, J.), dated April 14, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree (Penal Law § 130.80[1][b]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 75 points under the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's application for a downward departure from presumptive risk level two to risk level one. "An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to establish an appropriate mitigating factor by a preponderance of the evidence. The defendant failed to demonstrate that his participation in sex offender treatment constituted an appropriate mitigating factor sufficient to warrant a downward departure. The defendant's willingness to participate in sex offender treatment was taken into account by risk factor 12 (acceptance of responsibility) (see People v Magnetic, 231 AD3d 875, 876; People v Garcia, 192 AD3d 833, 834). "'[A]lthough a defendant's response to sex offender [*2]treatment may qualify as a ground for a downward departure where response to treatment is exceptional, here, the defendant failed to establish that his response to such treatment was exceptional'" (People v Pareja-Hidalgo, 222 AD3d 892, 893, quoting People v Saunders, 209 AD3d 776, 778; see People v Zubradt, 224 AD3d 856).
Moreover, the fact that the total number of points assessed to the defendant was at the low end of the range for a presumptive risk level two designation did not, by itself, constitute a ground for a downward departure from the presumptive risk level (see People v Dockery, 233 AD3d 808, 810, lv granted 43 NY3d 907; People v Selin-Martinez, 229 AD3d 646, 648; People v Rucano, 213 AD3d 709, 711).
The defendant's remaining contentions are unpreserved for appellate review (see People v Howell, 213 AD3d 708, 709) and, in any event, without merit (see People v Modesto, 233 AD3d 954, 955).
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court