People v Stuart (2025 NY Slip Op 06346)

People v Stuart

2025 NY Slip Op 06346

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-01683

[*1]The People of the State of New York, respondent, 
v
Shaine Stuart, appellant. Patricia Pazner, New York, NY (Anna Boksenbaum of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Jill Konviser, J.), dated February 16, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual misconduct (Penal Law § 130.20[1]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 125 points on the risk assessment instrument, applied an automatic override to a presumptive risk level three based on the defendant's prior conviction of a felony sex offense, and designated the defendant a level three sex offender. The defendant appeals.
"'A sex offender facing risk level classification under SORA has a right to the effective assistance of counsel'" (People v Dabney, 221 AD3d 624, 624, quoting People v Willingham, 101 AD3d 979, 979; see People v Motta, 215 AD3d 771, 772). "'Under the New York State standard for ineffective assistance of counsel, [t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair [hearing] by less than meaningful representation'" (People v Patrick, 219 AD3d 848, 849 [internal quotation marks omitted], quoting People v Parvez, 209 AD3d 885, 886; People v Korzeniowski, 220 AD3d 816, 817). "Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (People v Capasso, 203 AD3d 1085, 1085 [citation and internal quotation marks omitted]; see People v Dabney, 221 AD3d at 624).
Here, while it may have been prudent for defense counsel to request a downward departure, defense counsel's omission under the circumstances of this case was not so egregious and prejudicial as to have deprived the defendant of the effective assistance of counsel under either the federal or state standards (see People v Korzeniowski, 220 AD3d at 818; People v Capasso, 203 AD3d at 1086; People v Bowles, 89 AD3d 171, 181; see generally Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The defendant's remaining contention is without merit.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court