People v Wagers (2025 NY Slip Op 06630)

People v Wagers

2025 NY Slip Op 06630

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2024-01842

[*1]The People of the State of New York, respondent, 
v
Walter Wagers, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated September 2, 2025, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that on the Court's own motion, the notice of appeal from an order of the County Court, Suffolk County, dated February 2, 2024, is deemed to be a premature notice of appeal from the amended order dated September 2, 2025 (see CPLR 5520[c]); and it is further,
ORDERED that the amended order dated September 2, 2025, is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 90 points on the risk assessment instrument, rendering him a presumptive level two sex offender, granted the People's application for an upward departure to a level three designation, denied the defendant's application for a downward departure to a level one designation, and designated the defendant a level three sex offender.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Polanco-Lopez, 239 AD3d 778, 779, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Vasquez, 189 AD3d 1480, 1481 [internal quotation marks omitted], quoting People v Luna, 187 AD3d 805, 806).
The County Court properly assessed the defendant points under risk factor 7. The People established, by clear and convincing evidence, that the 15-year-old victim whom the defendant met on Tumblr was a stranger to the defendant and any relationship that developed during the time period that the defendant exchanged sexually explicit messages and photographs with the victim prior to engaging in sexual intercourse was established for the primary purpose of victimization (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at [*2]12 [2006] [hereinafter Guidelines]; People v Patrick, 219 AD3d 848, 849; People v Powell, 188 AD3d 734, 734). Moreover, the court properly assessed the defendant points under risk factor 8 based on his age at the time that he first exchanged sexually explicit messages and photographs with the 15-year-old victim in connection with the instant offense (see Guidelines at 13; People v Rivera, 234 AD3d 998).
Contrary to the defendant's contention, the County Court did not apply an automatic override to a presumptive risk level three based on the applicability of an override for "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Guidelines at 4; see People v Long, 129 AD3d 687). Moreover, the court providently exercised its discretion in granting the People's application for an upward departure from a presumptive risk level two designation to a risk level three. "Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor 'of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines'" (People v Wilkerson, 214 AD3d 683, 684, quoting Guidelines at 4; see People v Gillotti, 23 NY3d 841, 861; People v Wallace, 240 AD3d 527, 530). "'An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument'" (People v Terrell, 237 AD3d 982, 983, quoting People v DeDona, 102 AD3d 68, 68). Here, the People established, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines which tend to establish a higher likelihood of reoffense, including diagnostic impressions that the defendant suffers from fetish disorder and non-specified paraphilic disorder, that the defendant has a significant preoccupation with sex and a primary sexual interest in adolescent females aged 14 to 17, that the defendant has a history of impulsivity, lacks consequential thinking or coping skills, and lacks empathy for others, and that the defendant engaged in similar conduct with a second victim around the same time that he committed the underlying offense. Under the circumstances, the court providently exercised its discretion in concluding that an upward departure to a risk level three was warranted to avoid an underassessment of the defendant's risk of sexual recidivism (see Guidelines at 4; People v Gillotti, 23 NY3d at 861; People v Wilkerson, 214 AD3d at 684; People v Patel, 192 AD3d 1052; People v Diaz, 151 AD3d 891).
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Medina, 209 AD3d 775, 776 [internal quotation marks omitted], quoting People v Jones, 196 AD3d 515; see People v Gillotti, 23 NY3d at 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d at 776, quoting People v Sofo, 168 AD3d 891, 891-892).
Here, the defendant failed to establish, by a preponderance of the evidence, the applicability of a mitigating circumstance that was not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861). The defendant's purported family support and steady employment are already adequately taken into account by risk factor 15 (living/employment situation), for which the defendant was not scored any points under the risk assessment instrument (see People v Sang Wong, _____ AD3d _____, 2025 NY Slip Op 05835; People v Emery, 204 AD3d 944, 945). Moreover, "although a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to establish that his response to such treatment was exceptional" (People v Pareja-Hidalgo, 222 AD3d 892, 893 [internal quotation marks omitted]; see People v Lorgo, _____ AD3d _____, 2025 NY Slip Op 05707).
Accordingly, the County Court properly designated the defendant a level three sex [*3]offender.
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court