People v Holloman
2026 NY Slip Op 03849
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Rashed K. Holloman, Appellant.

Decided and Entered:June 18, 2026
CV-22-1983
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

Angela Kelley, East Greenbush, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

[*1]
Corcoran, J.
Appeal from an order of the County Court of Broome County (Joseph Cawley, J.), entered September 8, 2022, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2020, defendant was charged with rape in the first degree and sexual abuse in the first degree. He subsequently pleaded guilty to the reduced charge of attempted sexual abuse in the first degree by forcible compulsion (see Penal Law §§ 110.00, 130.65 [1]) and was sentenced to 30 months in prison, to be followed by 10 years of postrelease supervision. In anticipation of defendant's release from prison, the People prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) assigning defendant 10 points under risk factor 1 (use of forcible compulsion), 25 points under risk factor 2 (sexual intercourse, deviate sexual intercourse or aggravated sexual abuse), 20 points under risk factor 7 (stranger relationship to victim), 30 points under risk factor 9 (prior violent felony conviction) and 15 points under risk factor 11 (drug or alcohol abuse history), totaling 100 points and presumptively classifying him as a risk level two sex offender.
At the initial SORA appearance, the matter was adjourned at the request of defendant's counsel as she had not yet met with defendant. At the ensuing SORA hearing three days later, the People introduced into evidence — without objection — the RAI, the case summary and a police report containing an unsigned victim statement. Defense counsel conceded the assessment of 100 points that placed defendant at a presumptive risk level two classification but requested a downward departure. At the conclusion of the hearing, County Court found that the evidence established the People's assessment of 100 points by clear and convincing evidence, denied the request for a downward departure and classified defendant as a risk level two sex offender with a sexually violent offender designation. Defendant appeals.
Initially, despite defendant's contention that County Court failed to set forth in sufficient detail its findings of fact for the assessment of points, remittal is not required as defendant conceded the points assessed and, in any event, "the record is sufficient to permit this Court to make its own factual findings and legal conclusions" (People v Green, 201 AD3d 1137, 1138 [3d Dept 2022], lv denied 38 NY3d 906 [2022]; see People v Brown, 190 AD3d 1120, 1121-1122 [3d Dept 2021]).
Defendant also contends that he was deprived of the effective assistance of counsel at the SORA hearing. We disagree. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Bellinger, 233 AD3d 1331, 1333 [3d Dept 2024[*2]] [internal quotation marks, brackets and citations omitted]; accord People v Pribble, 244 AD3d 1420, 1421 [3d Dept 2025]; People v Lopez, 226 AD3d 1165, 1166-1167 [3d Dept 2024], lv denied 42 NY3d 905 [2024]). To the extent that defendant faults his counsel for failing to object to the admission of the victim's unsworn statement, a SORA court may rely on relevant, reliable hearsay evidence submitted by either party when making a risk level determination (see Correction Law § 168-n [3]; People v Perez, 35 NY3d 85, 95 [2020]; People v Diaz, 34 NY3d 1179, 1181 [2020]; People v Mingo, 12 NY3d 563, 576-577 [2009]), including the victim's unsworn statements where there is a requisite indicia of reliability (see People v Sincerbeaux, 27 NY3d 683, 688 [2016]; People v Mingo,12 NY3d at 576). "Of course, where an unsworn statement is equivocal, inconsistent with other evidence, or seems dubious in light of other information in the record, a SORA court is free to disregard it" (People v Mingo,12 NY3d at 577). Relatedly, information " 'derived from unsigned reports [or statements] which were not independently verified . . . may be insufficient to satisfy the People's burden of proof by clear and convincing evidence' " (People v Davis,233 AD3d 1390, 1391 [3d Dept 2024], quoting People v Uver A.,195 AD3d 61, 67 [2d Dept 2021]). Contrary to defendant's contention, the unsworn victim statement was properly considered. Where "the source of the information . . . is clear" and a police officer is recounting the victim's statements made shortly after the crime, the statement bears sufficient indicia of reliability particularly when an officer is charged with accurately recording such information and nothing in the record suggests otherwise (People v Mingo, 12 NY3d at 576). Defendant's claim that the victim's statement was unreliable because it was inconsistent with the case summary is likewise unavailing. The case summary itself constitutes reliable hearsay upon which the People may meet their burden of establishing the appropriate risk level classification by clear and convincing evidence (see People v Guilianelle, 206 AD3d 1311, 1313 [3d Dept 2022]). Any purported inconsistency between two sources of otherwise admissible reliable hearsay does not, without more, render either inherently unreliable. Accordingly, defense counsel cannot be faulted for failing to raise an objection that had little or no chance of success in reducing the points assessed against defendant (see id.).
Defendant further asserts that counsel was ineffective for failing to contest points under risk factors 1 (use of forcible compulsion) and 2 (sexual intercourse, deviate sexual intercourse or aggravated sexual abuse). Initially, although defendant pleaded guilty to attempted sexual abuse in the first degree by forcible compulsion, in assessing points to determine a defendant's risk level adjudication, "the court is not limited to considering defendant's current conviction" (People v Sincerbeaux[*3], 27 NY3d at 687-688; see People v Gulfield, 174 AD3d 751, 752 [2d Dept 2019], lv denied 34 NY3d 910 [2020]). Further, given the information in the case summary and the police report containing the victim's detailed statement addressing the nature of the sexual contact, which as previously mentioned constitute reliable hearsay, as well as defendant's guilty plea, the People established by clear and convincing evidence that defendant used forcible compulsion and engaged in sexual intercourse with the victim during the underlying incident so as to warrant assessment of points under risk factors 1 and 2 (see People v Bellinger, 233 AD3d at 1333; People v Felder, 229 AD3d 1278, 1279 [4th Dept 2024]; People v Dabney, 221 AD3d 624, 625 [3d Dept 2023], lv denied 41 NY3d 904 [2024]). Thus, "had counsel argued otherwise at the hearing, it cannot be said that this contention would have been successful and resulted in a different outcome" (People v Parvez, 209 AD3d 885, 887-888 [2d Dept 2022], lv denied 39 NY3d 909 [2023]; see People v Dabney, 221 AD3d at 625).
Nor are we persuaded that counsel's unsuccessful request for a downward departure, based, in part, on mitigating factors already taken into account by the RAI, reflected counsel's fundamental misunderstanding of the grounds for a downward departure so as to deprive defendant of the effective assistance of counsel (see e.g. People v Eason, 233 AD3d 1194, 1195-1196 [3d Dept 2024], lv denied 43 NY3d 903 [2025]; People v Pardee, 230 AD3d 41, 48 [3d Dept 2024], lv denied 42 NY3d 909 [2024]). A review of the record reveals that counsel made the best argument available under the circumstances.
To the extent that defendant asserts that counsel failed to adequately communicate with him and prepare for the SORA hearing, we note that, at the initial appearance, counsel requested an adjournment for that purpose, which was granted by County Court. At the next appearance three days later, counsel informed the court that she was ready to proceed. Any specific challenge to the adequacy of counsel's communication with defendant or the extent to which counsel prepared for the SORA hearing pertain to matters outside the record and are more appropriately pursued in County Court by way of a motion to vacate the order, which would provide defendant an opportunity to develop the record on those issues (see People v Eiss, 158 AD3d 905, 907 [3d Dept 2018], lv denied 31 NY3d 907 [2018]).
Clark, J.P., Aarons, Pritzker and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.